UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CHRISTOPHER L. HARRIS,

     Petitioner,

V.

U. S. MARSHALS SERVICE,

     Respondent.

Civil Action No. 6:15-CV-99-KKC

**MEMORANDUM OPINION
AND ORDER**

     Petitioner Christopher L. Harris is an inmate confined by the Bureau of Prisons in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky.  Proceeding without an attorney, Harris has filed a four-page submission entitled "Personal Replevin Action At Common Law (Habeas Corpus Ad Subjiciendum)" [R. 1], and a two-page submission entitled "Foreign Bill of Credit." [R. 2].  Harris has also filed various motions in which he asks this Court to order the United States Marshals Service to release him from federal custody [R. 3]; enter a "mandatory perpetual injunction" [R. 4]; and enter a summary judgment in his favor [R. 6].  The Clerk of the Court has administratively classified this proceeding as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

     As a preliminary matter, Harris did not pay the $5.00 filing fee upon the filing of his "petition," nor did he file a motion to proceed *in forma pauperis*.  The Court's online PACER database reveals that in the years since his federal conviction in Indiana, Harris has filed dozens of § 2241 habeas corpus petitions in various district courts, and has recently filed the following three § 2241 habeas petition in this Court:

     (1)  *Harris v. Holland*, No. 5:15-CV-2-KKC (E. D. Ky. 2015) (dismissed on May 18, 2015, R. 6 and 7, therein]);

(2)  *Harris v. Holland*, No.  6:14-CV-220-DLB (E.D. Ky. 2014) (dismissed on January 8, 2015, R. 11, therein); and

(3)  *Harris v. Sepanek*, No. 0:14-CV-99-HRW (E.D. Ky. 2014) (dismissed on August 8, 2014, R. 9 and 10, therein; reconsideration denied on August 20, 2014, R. 15, therein).  *See also Harris v. Holder*, No. 1:14-CV-11734, 2014 WL 4999196, at *1-6 (S.D. W. Va. Aug. 26, 2014) (identifying prior cases)

Harris therefore is plainly aware of his obligation to pay the $5.00 filing fee required by 28 U.S.C. § 1914, but he has nonetheless repeatedly failed to do so. *Cf. Harris v. Holland*, No. 6:14-220-DLB (E.D. Ky. 2014); *Harris v. McGrew*, No. 2:13-CV-3810-PSG-JPR (C.D. Cal.), appeal dismissed, 13-56107 (9th Cir. 2013).  The Court will therefore assess the $5.00 filing fee and direct its payment from Harris's inmate account.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Harris's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  For the reasons set forth below, however, Harris's § 2241 petition will be denied, his pending motions will be denied as moot, and this proceeding will be dismissed.

## DISCUSSION

Even under the broad framework of § 2243, it does not "plainly" appear from the petition and any attached exhibits that Harris is entitled to relief.  This is because neither of Harris's submissions make any sense.   Harris refers to several parts of the Uniform Commercial Code and to his Indiana federal criminal case, *United States v. Harris*, No. 1:98-CR-121-SEB-DKL-3, but he does not explain how the two relate to each other.  Harris employs other bizarre language, phrases, and terms, which have no connection to each other.  Harris does not explain the basis of his claims in plain and simple terms, nor does he articulate what type of relief he is seeking in this action.  Harris's filings are so rambling, indecipherable, and disjointed, that they violate Federal Rule of Civil Procedure 8(a)(1)-(3), which requires a civil litigant to state a claim for relief containing:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The resources of the federal judiciary are limited, and this Court is not required to speculate about what a plaintiff or petitioner—even a *pro se* plaintiff or a *pro se* habeas petitioner—is alleging, particularly one who has availed himself so regularly of the legal process in the federal court system.  Again, *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), but a *pro se* litigant must still "abide by the rules of the court in which he litigates."  *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

3

The convoluted and rambling nature of Harris's filing, standing alone, warrants the dismissal of his habeas petition.  Addressing a situation involving a gross violation of Rule 8, a Pennsylvania district court dismissed a *pro se* civil complaint, and explained:

> …we believe that plaintiff's complaints in these actions, when measured against the requirements of Rule 8(a), have exceeded the outer limits of society's obligation to pro se litigants.  The purpose of the Rule 8(a) requirement of a plain and simple statement of the claim is to give the defendant fair notice of the charges so that a meaningful response to the pleading may be filed…..  There is virtually no way that the defendants here can file meaningful replies to these complaints.  To this date, the court, even after several readings, simply cannot decipher them.

*United States ex rel. Dattola v. National Treasury Emp. Union*, 86 F.R.D. 496, 499 (W. D. Penn. 1980)

Other courts have reached the same result under similar circumstances in civil cases. *In Mitchell v. City of Nashville*, No. 3:08-CV-0844, 2008 WL 4646169, at **1-2 (M.D. Tenn. Sept. 25, 2008) the district court dismissed, *sua sponte*, the three handwritten pages filed a *pro se* litigant, describing them as "…disjointed, often repetitive, sometimes obscene, fragmented, largely unintelligible ramblings."  The court determined that the filings violated Rule 8(a).  In *McZeal v. J.P. Morgan Chase Bank, NA*, No. 13-6754, 2014 WL 3166715, at *6 (E.D. La. July 7, 2014), the district court dismissed the *pro se* plaintiff's complaint because it did not comply with Rule 8(a), finding that the complaint was "…written in an impenetrably dense, jargon-laden, and largely incomprehensible prose," and used "haphazard combinations of legal terms to make conclusory statements about Defendants [sic] behavior").  *See also DiCosola v. CitiMortgage, Inc*., No. 11 C 2308, 2011 WL 4808188 (N.D. Ill. Oct. 11, 2011) (dismissing indecipherable claims); *Langham v. Bank of America, N.A.*, No. 13-CA-835, 2013 WL 6667707 (W.D. Tex. Dec. 16, 2013) (dismissing disjointed and conclusory allegations for failure to comply with Rule 8(a)); *Sawyer v. Wright*, 471 F.App'x 260,  261 (5th Cir. 2012) (affirming

4

dismissal where the plaintiff's incomprehensible and disjointed allegations failed to allege subject-matter jurisdiction).

Alternatively, assuming that Harris is trying to compare his federal criminal proceeding (and resulting conviction and confinement) to a commercial enterprise or a commercial transaction, the Court determines that his § 2241 petition is substantively devoid of merit.

On November 1, 1999, Harris pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846, and was sentenced to a 300-month term of incarceration and a $2,000.00 fine. *United States v. Harris*, No. 1:98-CR-121-SEB-DKL-3 (S.D. Ind. 1998) [R. 53 therein].  In denying one of Harris's many post-judgment motions seeking relief from his sentence, the Indiana district court which sentenced Harris explained that "…the defendant is serving the executed portion of the sentence imposed in the above action and his requests are based on the mistaken premise that the judgment entered in the case represents a commercial transaction which can be satisfied—to secure his release—by the posting of a bond." *United States v. Harris*, No. 1:98-CR-121-SEB-DKL-3 (S.D. Ind. 1998) [R. 86 therein]  On December 28, 2012, the Indiana district court denied another of Harris's post-judgment motions, *again* explaining that Harris's request "…is based on the mistaken premise that he is imprisoned based on his failure or inability to pay a fine and that there is a commercial transaction underlying his sentence rather than a criminal conviction."  [D. E. No. 120, therein]

In one of the prior § 2241 petitions which Harris recently filed in this Court, he argued as he appears to do in this case, that he should not have been imprisoned; that the government's refusal to accept a promissory note from him in full satisfaction of the alleged $4 million penalty violated state law versions of the Uniform Commercial Code and his rights

under the federal Constitution; and that upon acceptance of his promissory note, he was entitled to release from custody.  *See* § 2241 Petition filed in *Harris v. Holland*, No. 5:15-CV-2-KKC (E. D. Ky. 2015) [R. 1, therein]  On May 18, 2015, this Court rejected Harris arguments and denied his § 2241 petition, finding that they lacked merit.  [R. 6, therein]  In that May 18, 2015 Order, the Court observed that the Indiana district court in which Harris was sentenced had also previously addressed, and rejected, the same "commercial" arguments which Harris was again asserting in 5:15-CV-02-KKC.  [*Id*., p. 3]

Harris has also previously and unsuccessfully asserted his "UCC-analogy" argument, in various forms, in other § 2241 petitions filed in other jurisdictions, all of which were denied as substantively frivolous, not cognizable under § 2241, or both.  *Cf. Harris v. Wands*, 410 F. App'x 125 (10th Cir. 2011) ("Mr. Harris does not appear to challenge the validity of his conviction, only its execution, and he does so based on principles of contract law.  Despite his arguments to the contrary, however, Mr. Harris's sentence is not the creation of civil commercial transactions."); *Harris v. Kammerzell*, 440 F. App'x 627 (10th Cir. 2011) (same, and affirming the district court's imposition of pre-filing restrictions); *Harris v. Holder*, No. 1:14-CV-584, 2014 WL 4388263 (S.D. W. Va. Sept. 3, 2014) (same).

This Court reiterates the same conclusion that it reached one month ago on May 18, 2015, in Case No. 5:15-CV-2-KKC, which is:  it agrees with the prior decisions rendered in Harris's earlier § 2241 proceedings, and concludes, as did the Tenth Circuit, that "Mr. Harris's use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws."  *Harris*, 410 F. App'x at 147.  Harris's current § 2241 petition will therefore be denied, as will all of his pending motions, and he will be assessed with the $5.00 filing fee.

6

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.  The Clerk of the Court shall open an account in Petitioner Christopher Harris's name for receipt of the $5.00 filing fee.  The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Harris's name, (b) his inmate registration number, and (c) this case number. The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Harris is currently confined.

2.  Harris's custodian shall send the Clerk of the Court a payment in the amount of $5.00 out of Harris's inmate trust fund account, but only if the total amount in his inmate account exceeds $10.00.

3.  Harris's petition for a writ of habeas corpus [R. 1] is **DENIED**.

4.   The following motions are **DENIED as MOOT**:  Harris's motion for a writ of mandamus directing the United States Marshals Service to release him from federal custody [R. 3]; his motion seeking a "mandatory perpetual injunction" [R. 4]; and his motion seeking the entry of a summary judgment in his favor [R. 6].

5. The Court will enter a judgment contemporaneously with this Memorandum, Opinion and Order.

6. This matter is **STRICKEN** from the docket

Dated June 24, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7