UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CHRISTOPHER L. HARRIS,

    Petitioner,

V.

U. S. MARSHALS SERVICE,

    Respondent.

Civil Action No. 6:15-CV-99-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Christopher Harris is an inmate confined by the Bureau of Prisons in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky. Harris has filed a series of motions [R. 13-14; R. 17-19], which, for the reasons set forth below, will be denied.

On June 10, 2015, Harris has filed a submission [R. 1] which the Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 24, 2015, the Court reviewed Harris's construed § 2241 petition, as well as various supplements to that submission, *see* R. 2-R. 8, and entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment denying Harris's construed § 2241 petition. *See* R. 9; R. 10. In the Opinion and Order, the Court discussed the claims which Harris appeared to be asserting and explained why he was not entitled to relief with respect to those construed habeas claims. [R. 9, pp. 2-6] The Court's detailed findings and conclusions will not be set forth in this Order, but the Court adopts them as if set forth herein.

Before Harris was aware that his construed § 2241 petition had been denied, he filed two motions [R. 13 and R. 14] in which he appeared to be asking this Court to enter an

1

order in his favor in this § 2241 proceeding.[1] Those two motions [R. 13; R. 14] will therefore be denied as moot, in light of the subsequent entry of the Opinion and Order and Judgment.

After the entry of the Opinion and Order, Harris filed more confusing, substantively incomprehensible, and mostly illegible motions [R. 17-19], in which he appears to be asking this Court to reconsider, alter, or amend the Opinion and Order under Federal Rule of Civil Procedure 59(e). Under this rule, a district court is permitted to alter or amend a judgment only when one of the following, limited circumstances exist: (1) it has committed a clear error of law; (2) newly discovered evidence has been located; (3) an intervening change in controlling law has emerged; or (4) manifest injustice will occur. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A motion filed under Rule 59(e) cannot be based on issues which have already been presented and which the district court has already rejected. *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)); *White v. Hitachi, Ltd.*, Case No. 3:04–CV–20, 2008 WL 782565, at *1 (E. D. Tenn. Mar. 20, 2008).

As best as the Court can determine from Harris's mostly inscrutable motions docketed as R. 17-19, Harris does nothing more but reiterate the same convoluted "commercial law analogies" set forth in his construed § 2241 petition and in his other pre-dismissal submissions, so he has not satisfied the first criterion under Rule 59(e). Harris alleges no facts indicating that he has found newly discovered evidence or that an

---

[1] On June 24, 2015, the same day on which the Opinion and Order and Judgment were entered, the Clerk of the Court received and docketed two other motions [R. 6; R. 7] from Harris. The dismissal of this action on June 24, 2015, caused the administrative and automatic termination of those motions without the Court having addressed them. Even so, the Court concludes that these motions contained nothing which assisted Harris's arguments in this proceeding.

2

intervening change has occurred, so he has not satisfied either the second or third criterion under Rule 59(e).

Finally, Harris cannot establish that the denial of his Rule 59(e) motions subjects him to manifest injustice, because as explained in the Opinion and Order, Harris has unsuccessfully raised the same "commercial law analogies" in several previous § 2241 proceedings and has been denied relief every time he has done so. Because Harris has satisfied none of the criteria set forth in Rule 59(e), his post-judgment motions docketed as R. 17-19 will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Petitioner Christopher Harris's "Motion for Judgment against Respondent" [R. 13], and his "Motion to Release the Order to Notify the U.S. Attorney's Office" [R. 14] are **DENIED** as **MOOT**.

2. Harris's "Motion to Amend/Correct [R. 17]; his "Motion for Summary Judgment" [R. 18] and his "Motion for Reconsideration" [R. 19] are **DENIED**.

This June 12, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY